HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE SCHMIDT, LEON GERHARD, | Case No. C09-5135 RBL |
| Plaintiffs, | |
| | ORDER TO COMPEL DISCOVERY |
| v. | |
| TACOMA POLICE DEPARTMENT, et al., | |
| Defendants. | |

THIS MATTER is before the court on Defendants' Motion to Dismiss or in the Alternative to Compel Plaintiffs' Depositions [Dkt. #51], Defendants' Motion for Sanctions [Dkt. #52], and Plaintiffs' Motion for Julie Schmidt to Act as Representative for Leon Gerhard [Dkt. #49].

For the reasons that follow, Defendants' Motion to Dismiss is DENIED, Defendants' Motion to Compel Plaintiffs' Depositions is GRANTED, Defendants' Motion for Sanctions is DENIED, and Plaintiffs' Motion for Schmidt to Act as Gerhard's Representative is DENIED.

## I.    FACTS

Plaintiffs Julie Schmidt and Leon Gerhard bring a pro se civil rights action against Defendants Tacoma Police Department, et al. They filed their Complaint [Dkt. #6] on March 19, 2009. On February 4, 2010, this court issued a Minute Order [Dkt. #41] setting the

discovery cutoff date to September 27, 2010 and the dispositive motion deadline to October 26, 2010. Plaintiffs have not yet conducted or engaged in any discovery for this case.

On or about April 15, 2010, Plaintiffs were served with deposition notices. The depositions were scheduled to take place on May 18, 2010. On May 8, 2010, Schmidt notified Defendants that she would not be able to participate in her May 18 deposition due to medical issues. Defendants agreed to reschedule both Plaintiffs' depositions to June 22, 2010, setting Schmidt's for 9:00 a.m. and Gerhard's for 1:00 p.m.

At approximately 10:39 p.m. on June 21, 2010, Schmidt sent Defendants an email stating that she did not intend to be deposed the next morning because she was still on pain killers from a recent surgery. At approximately 2:28 a.m. on June 22, 2010, Gerhard left a voice mail stating that he would not attend his deposition scheduled for that afternoon because he would not feel comfortable doing so. Neither Plaintiff appeared for either deposition.

The moving "City Defendants" (City of Tacoma, Robert Luke, Donald Williams)[1] and Defendant Garnier seek dismissal of Plaintiffs' action for failure to prosecute their claims under Federal Rule of Civil Procedure 41(b), or alternatively an order compelling Plaintiffs' depositions under Rule 37(a). [Dkt. #51, Motion to Dismiss or Alternatively to Compel]. Defendants also seek monetary sanctions against Plaintiffs for failure to appear at their depositions under Rule 37(d)(2). [Dkt. #52, Motion for Sanctions]. Plaintiffs request that Schmidt be allowed to act as Gerhard's representative[2]. [Dkt. #49, Motion to Act as Representative].

## II.    DISCUSSION

### A.    Plaintiffs' Depositions

As Defendants point out, this court has the inherent power and discretion to dismiss a civil case for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Fitzsimmons v. Gilpin*, 368 F.2d 561, 562 (9th Cir. 1966). However, legal actions that are brought pro se, such as the one here,

---

[1] The Tacoma Police Department is an entity of the City of Tacoma. Luke and Williams are employed by the City of Tacoma. All City Defendants are represented by Jennifer J. Taylor, Assistant City Attorney.

[2] While Schmidt calls her request "Motion Request of Notice to Act as Representative for Leon Gerhard," all she actually requests is to be present for Gerhard's deposition. [Dkt. #49]. She bases this request on Gerhard's mental disabilities, as she wants to make sure he understands what is being asked of him. *Id.*

must be handled with "extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135-1136 (9th Cir. 1987). "Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Id*. at 1137-1138 (overturning the dismissal of a pro se claim under Rule 12(b)(6), deeming it an abuse of discretion to deny the plaintiff's request for leave to amend his complaint). In determining whether to dismiss an action pursuant to Rule 41(b), the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

It is clear that Plaintiffs have been generally apathetic toward the discovery process in this case. After rescheduling their depositions from May 18, 2010 to June 22, 2010 because of Schmidt's medical condition[3], both Plaintiffs missed their rescheduled depositions with less than 12 hours notice. With the discovery cutoff date set for September 27, 2010, Plaintiffs have yet to conduct or participate in any discovery. Plaintiffs' resistance to moving forward with discovery hinders expeditious litigation, the court's management of its dockets, and risks prejudice to Defendants.

Nonetheless, given Plaintiffs' pro se status, the availability of measures to compel discovery, and the general policy of favoring adjudication of cases on the merits, Plaintiffs' lackluster prosecution of this case does not yet warrant dismissal or monetary sanctions[4]. Rather, this order will serve as a warning that Plaintiffs' continued apathy toward discovery scheduling and the general prosecution of their case may result in sanctions up to and including dismissal of the action.

Plaintiffs request that their depositions be postponed until the second week in August, while Defendants request that they be completed by August 6. To ensure that Plaintiffs are able to participate in good health, while avoiding prejudice to Defendants and expediting the resolution of litigation, Plaintiffs' depositions shall be conducted no earlier than Monday

---

[3] No reason was provided for rescheduling Gerhard's deposition.

[4] Also, the requested sanction, $90, would be financially burdensome for Plaintiffs but nominal to City Defendants and the grand scheme of this case.

August 2, 2010, and no later than Friday August 13, 2010. Both parties must confer and agree on a date within this range.

Accordingly, Defendants' motion to dismiss is DENIED, their motion to compel depositions is GRANTED, and their motion for sanctions is DENIED.

**B.      Plaintiffs' Motion for Schmidt to Act as Gerhard's Representative**

Plaintiffs request that Schmidt be permitted to act as representative for Gerhard. [*See* Dkt. #49]. "Although a non-attorney may appear *in propria persona*[5] in his own behalf, that privilege is personal to him." *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966). Taking Plaintiffs' motion as a request for Schmidt to serve as legal counsel for Gerhard, there is a plethora of Ninth Circuit law mandating a denial. *See, e.g., Id.*; *Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962).

However, despite the title of their motion, Plaintiffs only request that Schmidt be permitted to attend Gerhard's deposition. [Dkt. #49, Motion to Act as Representative]. Schmidt acknowledges that she is prohibited from speaking during Gerhard's deposition, as she merely wants to ensure that whoever administers the deposition considers Gerhard's mental delays and makes sure that he understands the questions. *Id*. This does not constitute acting as Gerhard's legal representative, and City Defendants provide no authority prohibiting Schmidt from sitting in on Gerhard's deposition to help facilitate effective communication between the deposer and her co-plaintiff.

Accordingly, Plaintiffs' motion for Schmidt to act as Gerhard's legal counsel is DENIED, but she is welcome to attend his deposition.

### CONCLUSION

City Defendants' Motion to Dismiss [Dkt. #51] is DENIED, but City Defendants' Motion to Compel Plaintiffs' Depositions [Dkt. #51] is GRANTED. Both parties shall confer and set an agreed upon date for the depositions that is no earlier than Monday August 2, 2010, and no later than Friday August 13, 2010. City Defendants' Motion for Sanctions [Dkt. #52] is

---

[5] *In propria persona* is synonymous with pro se.

DENIED. Plaintiffs' Motion for Schmidt to Act as Gerhard's Representative [Dkt. #49] is

DENIED, but Schmidt is nonetheless welcome to attend his deposition.

**IT IS SO ORDERED.**

      Dated this 19th day of July, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE