HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE SCHMIDT and LEON GERHARD<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF PORT ANGELES, a city government and its agencies, and PORT ANGELES POLICE DEPARTMENT, a city department, et. al.,<br><br>Defendants. | Case No. C09-5135RBL<br><br>ORDER GRANTING DEFENDANT GARNIER'S SUMMARY JUDGMENT MOTION |

THIS MATTER is before the court on Defendant Maria (Gardener) Garnier's Motion for Summary Judgment [Dkt. #71]. Garnier is a social worker who went to the Plaintiffs' residence to perform a welfare check. Plaintiffs allege that Garnier made some discriminatory remarks and gestures during her visit. Plaintiffs therefore allege claims for disability discrimination, slander, and violation of due process.

Defendant Garnier seeks summary dismissal of all claims. First, Garnier argues that Plaintiff Gerhard has not stated a claim against her. Second, Garnier argues that Plaintiff Schmidt's slander claim fails because the alleged discriminatory remarks were not "published." Third, Garnier argues that Schmidt's discrimination clam fails as there is no evidence that Garnier made the alleged comments because of Schmidt's disability. Finally, Garnier argues that Schmidt's due process claim fails because Garnier did not deprive Schmidt of any constitutionally protected right. For reasons that follow,

Defendant Garnier's Motion for Summary Judgment is GRANTED.

**Facts**

On July 12, 2008, Defendant Maria Garnier knocked on Plaintiffs' door and Plaintiff Julie Schmidt answered.  Garnier told Schmidt that she was a Social Worker there to perform a welfare check on children belonging to another resident of the house, Ms. Godwin.  Schmidt invited Garnier into the house, and she stayed for about fifteen minutes.  Garnier and Schmidt were the only persons present at that time.  Schmidt alleges that during the visit Garnier referred to her and Plaintiff Leon Gerhard as "transients, bums, and squatters."  Gerhard resides with Schmidt, but was not present during the welfare check and does not remember ever meeting Garnier. In his deposition, Gerhard admitted that he has no legal claims against Garnier.  Schmidt has no knowledge that Garnier ever told anyone else that she or Plaintiff Gerhard are transients, bums, or squatters.

**Discussion**

**1.     Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**2.     Plaintiff Gerhard has no claims against Maria Garnier.**

Plaintiff Gerhard admits that he does not remember ever meeting Garnier, and that he has no legal claims against her.  Defendant's Motion for Summary Judgment against Plaintiff Gerhard is therefore GRANTED.  Any claims by Gerhard against Defendant Garnier are DISMISSED WITH PREJUDICE.

**3. Schmidt's slander claim fails because there is no proof that anyone heard the alleged slanderous comments.**

Schmidt alleges that Garnier referred to her as a transient, a bum, and a squatter. Schmidt bases her slander claim on these alleged comments. "Tort liability for slander requires that the defamation be communicated to someone other than the person or persons defamed. There must be a publication of the defamation." *Pate v. Tyee Motor Inn, Inc.*, 77 Wn.2d 819, 821 (1970). Because Schmidt cannot establish that anyone else heard Garnier's alleged statements, her slander claim fails as a matter of law. Defendant Garnier's motion for Summary Judgment on Schmidt's slander claim is therefore GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**4. Schmidt's discrimination claim fails because Garnier did not deny Schmidt any services and there is no evidence that Garnier made her alleged comments because of Schmidt's disability.**

Schmidt also alleges a discrimination claim based on the alleged remarks that Garnier made during her welfare check. Schmidt apparently basis her discrimination claim on Title II of the ADA, which states that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To succeed on this claim, Schmidt must show that (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Id*; *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978-979 (9th Cir. 1997). Even though Plaintiff may be a qualified individual with a disability, she has not provided sufficient facts to satisfy the remaining elements.

Schmidt does not allege that Garnier denied her any services. Schmidt also provides no evidence that Garnier made the alleged discriminatory remarks because of Schmidt's disability. Thus, Schmidt's discrimination claim fails as a matter of law. Defendant Garnier's Motion for Summary Judgment is GRANTED. Schmidt's discrimination claim is DISMISSED WITH PREJUDICE.

**5.    Schmidt's claim for constitutional violations under 42 U.S.C. § 1983 fails because Garnier did not deprive Schmidt of any constitutionally protected right.**

Schmidt claims that Garnier's conduct during the welfare check violated her constitutional right of due process. Schmidt brings a claim under §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. This section does not create any substantive rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Instead, it provides a method for vindicating those federal rights that are already established. *Id*. at 394. "To make out a cause of action under section 1983, plaintiffs must plead that (1) [defendants] acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Garnier may have been acting under the color of state law during her welfare check, but there is no evidence that Garnier deprived Schmidt of any constitutionally protected right. *See Kirkeby v. Furness*, 92 F.3d 655, 660 (8th Cir. 1996) (There is no constitutional right to be free from insult). Defendant Garnier's Motion for Summary Judgment is therefore GRANTED. Schmidt's claim based on alleged constitutional violations is DISMISSED WITH PREJUDICE.

Dated this 15TH day of November, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE