HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE SCHMIDT and LEON GERHARD,

    Plaintiffs,

v.

TACOMA POLICE DEPARTMENT, et al.,

    Defendants.

Case No. C09-5135RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiffs' Motion for Final Judgment on Terrance Galvan [Dkt. #107]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

This motion is plaintiffs' third or fourth attempt to obtain a default judgment against Terrance Galvan. Although the Court entered an Order of Default on December 2, 2009, the Court has entered two previous orders denying plaintiffs a default judgment. In the Order entered June 11, 2010 the Court denied plaintiffs' motion and stated: "After this record has been more developed through motions practice involving the other defendants, the Court will be in a better position to determine the liability, if any, of defendant Galvan." [Dkt. #48]. Motions practice involving the other defendants is now complete and all of plaintiffs' claims against all the other defendants have been dismissed. It is now clear that plaintiffs have no federal claims against defendant Galvan. The default entered against defendant Galvan should be stricken and plaintiffs' claims against him should be dismissed.

ORDER
Page - 1

1    A defendant's default does not automatically entitle a plaintiff to a default judgment.  Granting or
2 denying a default judgment is within the Court's sound discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471
3 (9th Cir. 1986).  Denial of a default judgment is appropriate when plaintiff has no meritorious claims
4 against a defendant, *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001), and it is beyond dispute that a
5 default judgment may not be granted where the Court lacks subject matter jurisdiction over the plaintiffs'
6 cause of action.  The other defendants' dispositive motions have established that plaintiffs do not have
7 viable claims against defendant Galvan.  Courts have held that where "a defending party establishes that
8 plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant."
9 *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967); *see also Lewis*, 236 F.3d at 768.

10   In order for this Court to have subject matter jurisdiction over defendant Galvan, plaintiffs must
11 show that he violated the United States Constitution or federal laws.  28 U.S.C. § 1331.  To state a
12 constitutional violation, plaintiff must plead under 42 U.S.C. § 1983 and allege that Galvan (1) was acting
13 under color of state law, and (2) deprived the plaintiff of rights secured by the Constitution or federal
14 statutes.  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Generally, to act "under color of
15 state law" a defendant must possess some authority given to him by the state.  *See West v. Atkins*, 487
16 U.S. 42, 48 (1988).

17   The basic facts of the case are set forth in this Court's previous orders granting the other
18 defendants' motions for summary judgment. [See Dkt. #s 95, 103].  Plaintiffs' allegations against
19 defendant Galvan are that he was their landlord, that he lied about not receiving plaintiffs' rent money,
20 and that he had them evicted. [Dkt. #23].  Plaintiffs claim that this was unfair because plaintiff Julie
21 Schmidt is "a person of disability."

22   Plaintiffs do not allege that Galvan is a state actor and it is clear from the Complaint that he is not.
23 Plaintiffs have not identified what constitutional right Galvan could possibly have violated.  As such,
24 plaintiffs have not stated a claim for relief under 42 U.S.C. § 1983.

25   To the extent plaintiffs allege that Galvan's actions were in some way motivated by plaintiff
26 Schmidt's claimed disability, they have presented absolutely no proof of any such causation.  Nor have
27 they identified any federal statute or law that Galvan violated.  As was pointed out in the Order granting
28 the City defendants' motion for summary judgment [Dkt. #103], the Americans With Disabilities Act

does not apply in this case because the private residence at issue does not meet the definition of a place of public accommodation.

Therefore, for the reasons stated in this Order:

(1)     Plaintiffs' Motion for Final Judgment on Terrance Galvan [Dkt. #107] is **DENIED.**

(2)     The Default entered against Terrance Galvan [Dkt. #34] is **STRICKEN**.

(3)     Plaintiffs' claims against defendant Terrance Galvan are **DISMISSED.**

**IT IS SO ORDERED.**

Dated this 25th day of January, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE